UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VICTOR JOSE PONCE DE
LEON,

      Plaintiff,

v.                                               Case No. 6:20-cv-1394-NPM

COMMISSIONER OF SOCIAL
SECURITY,

      Defendant.

**ORDER**

Before the Court is a Motion for Attorney's Fees (Doc. 28). Plaintiff Victor Jose Ponce De Leon's attorneys request the Court award attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d), in the amount of $4,125.14. (Doc. 28, pp. 1-3). Plaintiff represents the Commissioner of Social Security objected to the relief sought (Doc. 28, p. 3), but the Commissioner did not respond to the motion and the time to do so has lapsed. For the reasons below, the motion is granted.

On June 14, 2021, the Commissioner sought remand as follows: "The Commissioner requests remand to incorporate prior evidence into the administrative record as necessary and reassess whether medical improvement occurred; offer the claimant the opportunity for a hearing; take any further action needed to complete the administrative record; and issue a new decision." (Doc. 25). The Court granted

the motion. And pursuant to sentence four of 42 U.S.C. § 405(g), the Court reversed the decision of the Commissioner and remanded the case. (Doc. 26). Final judgment was entered on June 16, 2021. (Doc. 27). Now, Plaintiff requests an award of $4,125.14. (Doc. 28, pp. 1-3).

In order for Plaintiff to receive an award of fees under EAJA, the following five conditions must be established: (1) Plaintiff must file a timely application for attorney's fees; (2) Plaintiff's net worth must have been less than $2 million dollars at the time the Complaint was filed; (3) Plaintiff must be the prevailing party in a non-tort suit involving the United States; (4) the position of the United States must not have been substantially justified; and (5) there must be no special circumstances that would make the award unjust. 28 U.S.C. § 2412(d); *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). Upon consideration and with no opposition by the Commissioner on eligibility grounds, the Court finds all conditions of EAJA have been met.

EAJA fees are determined under the "lodestar" method by determining the number of hours reasonably expended on the matter multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988). The resulting fee carries a strong presumption that it is a reasonable fee. *City of Burlington v. Daque*, 505 U.S. 557, 562 (1992). After review of the services provided, the Court finds 19.5

hours expended by attorneys Richard A. Culbertson and Sarah P. Jacobs are reasonable. (Doc. 28, pp. 11-12).

EAJA fees are "based upon prevailing market rates for the kind and quality of services furnished," not to exceed $125 per hour unless the Court determines an increase in the cost of living, or a special factor justifies a higher fee. 28 U.S.C. § 2412(d)(2)(A). Thus, determination of the appropriate hourly rate is a two-step process. The Court first determines the prevailing market rate; then, if the prevailing rate exceeds $125.00, the Court determines whether to adjust the hourly rate. *Meyer v. Sullivan*, 958 F.2d 1029, 1033-34 (11th Cir. 1992). The prevailing market rates must be determined according to rates customarily charged for similarly complex litigation and are not limited to rates specifically for social security cases. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). Plaintiff requests hourly rates of $207.78 for 2020, and $212.05 for 2021, which are unchallenged by the Commissioner. (Doc. 28, pp. 7-9). The Court finds the hourly rate may be adjusted to the reasonable requested hourly rates.

Plaintiff filed a Retainer Agreement – Federal Court Appeal (Doc. 28-1). The Agreement provides:

> [Plaintiff] hereby assigns his right to any attorney fees awarded under the Equal Access to Justice Act to attorney, Richard A. Culbertson. It is agreed that Richard A. Culbertson will pay any amounts due to any other attorney who works on [Plaintiff's] case. [Plaintiff] agrees that all attorney fees awarded by the court will be paid directly to Richard A. Culbertson.

(Doc. 28-1). Thus, the fees awarded should be paid directly to counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff.

Accordingly, it is **ORDERED** the Motion for Attorney's Fees (Doc. 28) is **GRANTED**, and the Court awards $4,125.14 in attorney's fees. These fees may be paid directly to Plaintiff's counsel if the United States Department of Treasury determines that no federal debt is owed by Plaintiff. The Clerk of Court is directed to enter an amended judgment.

**ORDERED** in Fort Myers, Florida on October 5, 2021.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE